**UNITED STATES COURT OF APPEALS**

**Filed 8/2/96**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

EDDIE LEE WILLIAMS; SHERRY L.
WILLIAMS,

    Defendant-Appellee.

No. 95-7135
(D.C. No. CR-91-6-S)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Williams is a federal inmate and a pro se litigant. Mr. Williams was convicted of numerous drug felonies and appealed these in a different appeal. Mr. Williams then filed, in this criminal case, a motion to dismiss an IRS assessment for the year 1988. The district court denied the motion and Mr. Williams and Sherry Williams, a codefendant who was acquitted, appeal this decision. We exercise jurisdiction and affirm the action of the district court.

Mr. Williams raises two issues: (1) "District Court erred when it denied constitutional jurisdiction over motion and barred defendant by the Anti-Injunction Act"; and (2) "District Court erred by not dismissing tax assessment as an additional punishment or proceeding to the criminal case."

The basic facts are simple and uncontested. Using information gathered during the investigation of the criminal case against the defendants, the IRS determined there were deficiencies in the income tax reported on defendants' 1988 income tax return. The Internal Revenue Service mailed a notice of deficiency for the tax year 1988 to defendants on July 31, 1991. Defendants did not file a timely action to challenge the 1988 deficiency note. Mr. Williams filed a petition in the Tax Court; however, the Tax Court dismissed the portion of the petition relating to the 1988 tax year as having been filed out of time. Defendants

then filed, in their closed criminal case, their motion to dismiss the IRS tax assessment as to tax year 1988.

The district court dismissed defendants' motion after concluding it lacked jurisdiction.  It is this order defendants now appeal.

Appellants' arguments warrant little discussion.  As to their first issue, *i.e.*, they contend the trial court had jurisdiction to consider their motion, they are wrong.  Defendants were too late and raised this contention too late and in the wrong court.  In the absence of specific statutory authority conferring jurisdiction over a matter to the courts, no jurisdiction exists.  See *United States v. Testan*, 424 U.S. 392, 399 (1976).  As to Mr. Williams' second contention, that the tax assessment was barred by the double jeopardy clause of the Constitution, he is again wrong.  The imposition of income tax is not punishment for criminal acts and the conviction of a crime does not bar the collection of income taxes. Payment of tax is a duty imposed on all United States citizens.  The imposition of tax does not require proof of the elements of the criminal offenses with which defendants were charged.

The judgment of the district court is **AFFIRMED**.

The mandate shall issue forthwith.

Entered for the Court

**WADE BRORBY**
United States Circuit Judge